STATE of Iowa, Appellee,

v.

Alan LILLIBRIDGE, Appellant.

No. 93–1266.

Supreme Court of Iowa.

June 22, 1994.

Linda Del Gallo, State Appellate Defender, and Andi S. Lipman, Asst. State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Sheryl A. Soich, Asst. Atty. Gen., Richard Crowl, County Atty., and Chris Wilson and Kenneth E. Tyler, Asst. County Attys., for appellee.

Considered by McGIVERIN, C.J., and CARTER, LAVORATO, SNELL, and TERNUS, JJ.

PER CURIAM.

Defendant appeals from the district court order revoking his probation and imposing sentence. We vacate the district court order and remand for rehearing.

In January 1992, Alan Lillibridge pled guilty to operating while intoxicated, first offense, in violation of Iowa Code section 321J.2 (1991). The district court accepted the plea and deferred judgment until January 22, 1993. *See* Iowa Code §§ 907.1(1),

907.3 (1991). On January 22, the State filed an application to revoke the deferred judgment based on probation violation. After an unreported hearing, the court refused to revoke Lillibridge's probation but continued the deferred judgment until July 21, 1993. On this date the State again filed an application for probation revocation.

After an unreported hearing, the court revoked Lillibridge's probation and imposed sentence. The court's calendar entry states: "The court finds the defendant has violated probation. Probation terminated. Defendant sentenced to 30 days in the county jail and fined $500 plus 30% surcharge plus court costs."

Lillibridge appeals. He argues that, because the revocation proceeding was not recorded, it is impossible to determine if it was conducted in accordance with the Iowa Rules of Criminal Procedure, Iowa Code section 907.3, or due process. He also submits the district court failed to state adequate reasons for the probation revocation or the sentence imposed.

The State contends the district court, in finding probation had been violated, was stating a specific reason which supports both the revocation and the sentence imposed.

■ Probation revocation is a civil proceeding and not a stage of criminal prosecution. *Gagnon v. Scarpelli,* 411 U.S. 778, 782, 93 S.Ct. 1756, 1759, 36 L.Ed.2d 656, 661–62 (1973). Because revocation is not a stage of criminal prosecution, the rules of criminal procedure do not apply and "the proceedings can be informal, even summary." *Calvert v. State,* 310 N.W.2d 185, 187 (Iowa 1981). Lillibridge's contention that the district court erred in failing to follow the rules of criminal procedure in revoking his probation is meritless.

■ Although procedure can be informal, probation revocation involves a serious loss of liberty and due process must be afforded. *Gagnon,* 411 U.S. at 782, 93 S.Ct. at 1759, 36 L.Ed.2d at 661–62; *State v. Hughes,* 200 N.W.2d 559, 562 (Iowa 1972). The trial court does not have to file an opinion or make conclusions of law, but due process requires written findings by the court show-

ing the factual basis for the revocation. *Hughes,* 200 N.W.2d at 562. While a calendar entry could meet this requirement, the district court's calendar entry does not indicate what evidence the court relied on in revoking probation.

■ After the district court withdrew Lillibridge from the probation, the court entered judgment for his conviction for operating while intoxicated. *See* Iowa Code § 907.3 (1993). The entry of sentence was the final judgment in the criminal case and not part of the civil revocation proceeding. *State v. Farmer,* 234 N.W.2d 89, 90 (Iowa 1975). Therefore, the district court had to comply with the rules of criminal procedure. *See State v. Allen,* 402 N.W.2d 438, 443 (Iowa 1987).

■ The district court failed to comply with Iowa Rule of Criminal Procedure 22(3)(d). The court's statement that it was terminating Lillibridge's probation was a statement that it had power to impose sentence. It does not demonstrate an exercise of discretion in using that power or give a reason for choosing among sentencing options. The court does not indicate what Lillibridge's probation violations were or how these violations influenced the court to select the sentence it did.

We vacate the order revoking probation and remand for a new hearing.

**DISTRICT COURT ORDER VACATED; CASE REMANDED FOR A NEW HEARING.**