**IN THE COURT OF APPEALS OF IOWA**

No. 14-0985
Filed February 11, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**VICTORIA V. MORENO,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Douglas C.
McDonald, Judge.


        Victoria Moreno appeals from her conviction and sentence for theft in the
fourth degree. **REVOCATION AFFIRMED, SENTENCE VACATED, AND
REMANDED.**


        Mark C. Smith, State Appellate Defender, and Martha J. Lucey, Assistant
Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Martha E. Trout, Assistant Attorney
General, Michael J. Walton, County Attorney, and Dion Trowers, Assistant
County Attorney, for appellee.


        Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**VOGEL, P.J.**

Victoria Moreno appeals from her conviction and sentence for theft in the fourth degree. She asserts the district court erred in failing to provide sufficient reasons for revoking the deferred judgment, either orally or in a written ruling, which violated her due process rights. She further argues the court abused its discretion for failing to state the reasons why it imposed the term of incarceration and, additionally, erred in failing to reduce the fine imposed by an amount equal to the civil penalty previously assessed following the underlying guilty plea.

We agree the district court erred in failing to state the reasons for imposing the sentence and in failing to reduce the fine. However, an adequate factual basis for the revocation was present in the order, and therefore, Moreno's due process rights in this regard were satisfied. Consequently, we affirm the revocation but vacate Moreno's sentence and remand.

**I. Factual and Procedural Background**

On December 14, 2012, Moreno was charged by trial information with theft in the fourth degree, in violation of Iowa Code sections 714.1(1) and 714.2(4) (2011), based on conduct that occurred on November 23, 2012.[1] Moreno pled guilty on February 6, 2013, and on June 5, the district court entered a deferred judgment along with assessing a $315 civil penalty.

A review of the deferred judgment was held on June 6, 2014. The hearing was unreported. The district court revoked Moreno's deferred judgment and imposed a fine of $315. A pre-printed order was utilized, and the court checked

---

[1] Moreno, along with two juveniles, were in a department store. Both juveniles took various items, collectively worth $324, and when stopped by security personnel, Moreno told one of the juveniles to "run."

"failure to pay" as the reason the deferred judgment was revoked. Additionally, a handwritten note next to this section stated: "[D]idn't put prior T-5 on affidavit." The court sentenced Moreno to 120 days in jail, suspended, and two years of probation. No reasons were given as to why the district court imposed this sentence.

Moreno appeals both the imposition of the sentence and the revocation of the deferred judgment. She argues the district court violated her due process rights by failing to provide a sufficient statement showing either the reasoning or facts and evidence supporting the revocation of the deferred judgment. She further asserts the court abused its discretion when it failed to state the reasons for imposing the sentence. The State responds it was Moreno's burden to provide a record, and because she failed to do so, she waived her first two claims; however, it concedes the district court erred in failing to reduce the fine by the amount of the previously-imposed civil penalty.

## II. Standard of Review

We review the district court's decision to revoke a suspended sentence for an abuse of discretion. *See State v. Darrin*, 325 N.W.2d 110, 113 (Iowa 1982). Additionally, the imposition of a sentence is reviewed for an abuse of discretion. *State v. Thomas*, 547 N.W.2d 223, 225 (Iowa 1996).

## III. Revocation

The United States Supreme Court has held that due process rights must be satisfied in revocation proceedings, though the procedures may be informal. *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973). In line with this holding, the Iowa Supreme Court has stated: "The findings of a court revoking probation must of

course show the factual basis for the revocation." *State v. Hughes*, 200 N.W.2d 559, 562 (Iowa 1972). While a formal written opinion with conclusions of law is not required, either a written statement of reasons or a transcript showing the basis for the revocation—that is, the facts and evidence on which the court relied—is necessary to satisfy due process. *State v. Lillibridge*, 519 N.W.2d 82, 83 (Iowa 1994) (holding the district court failed to state a factual basis for the revocation, either orally or in writing, and therefore due process required that the judgment be vacated).

As an initial matter, we do not agree with the State's argument that, because Moreno failed to request the proceedings be recorded or establish a record pursuant to Iowa Rule of Appellate Proceedure 6.806, she waived the argument she now asserts on appeal. *See State v. Thompson*, 856 N.W.2d 915, 920–21 (Iowa 2014) (holding that, even when a defendant waives his right to have the sentencing hearing reported, it is nonetheless an abuse of discretion if the sentencing court fails to state its reasons for the imposition of the sentence in the sentencing order; consequently, the defendant did not waive his argument, and the necessary remedy was to vacate the sentence and remand for resentencing) *overruling State v. Mudra*, 532 N.W.2d 765 (Iowa 1985), *and State v. Alloway*, 787 N.W.2d 582 (Iowa 2006).[2]

Due process rights must be satisfied in criminal cases, even in a proceeding revoking a deferred judgment. *Gagnon*, 411 U.S. at 782. Consequently, it is the State's the burden to show Moreno's due process rights

---

[2] The supreme court issued *Thompson* on December 12, 2014, after this appeal was filed.

were satisfied and that the proper factual basis was established when the court revoked her deferred judgment. *See Lillibridge*, 519 N.W.2d at 83; *Hughes*, 200 N.W.2d at 562. Therefore, Moreno has not waived the arguments she now asserts on appeal.

Nonetheless, Moreno cannot succeed on her due process argument. The final judgment entered noted the fine owed and that zero dollars had been paid by Moreno. Additionally, the court checked "failure to pay" as the reason for the revocation and put a handwritten note beside the box stating "didn't put prior T-5 on affidavit." Moreno is correct in her assertion that a factual basis on which to revoke the deferred judgment is needed in order to satisfy due process rights; however, the form here and the facts entered on the form—however terse—are enough to satisfy these rights under our case law. *See Lillibridge*, 519 N.W.2d at 83 (holding a calendar entry was not enough to satisfy the defendant's right to have a written statement showing the factual basis on which the court revoked his probation, given all that was noted was that a hearing was held and probation was "revoked"). Consequently, we conclude Moreno's due process rights were satisfied, and we affirm the district court's revocation of the deferred judgment.

**IV. Imposition of Sentence**

However, we agree with Moreno that the district court abused its discretion when failing to state the reasons why it imposed the judgment of 120 days of incarceration, suspended, and two years of probation. We note that the entry of the sentence was the final judgment in the criminal case and not part of the civil revocation proceeding. *See State v. Farmer*, 234 N.W.2d 89, 90 (Iowa 1975). Therefore, the court was required to comply with the rules of criminal

procedure. *Lillibridge*, 519 N.W.2d at 83. Iowa Rule of Criminal Procedure 2.23(3)(d) states the district court must provide reasons why it imposed the sentence it selected. A pre-printed form with boilerplate language does not satisfy this rule. *State v. Lumadue*, 622 N.W.2d 302, 304 (Iowa 2001). However, that was the only record established here. Consequently, the district court did not state its reasoning as to why it imposed the sentence of 120 days and two years probation. We therefore vacate Moreno's sentence and remand so the district court may properly comply with the procedural rules. *See id.*

**V. Civil Penalty**

Moreno also argues, and the State concedes, the district court erred in assessing a fine without reducing it by the amount of the civil penalty imposed in the original sentence. Pursuant to Iowa Code section 908.11(5) (2013), "if the court revokes the probation of a defendant who received a deferred judgment and imposes a fine, the court shall reduce the amount of the fine by an amount equal to the amount of the civil penalty previously assessed against the defendant." In the original proceeding, the amount of the civil penalty assessed against Moreno was $315, which she then satisfied by completing the QCLAM class. In revoking the deferred judgment, the district court imposed a $315 fine without reducing it by the amount of the civil penalty previously imposed. Consequently, the district court imposed an illegal sentence when it assessed this fine against Moreno, and we vacate this portion of the judgment. *See State v. Wade*, 757 N.W.2d 618, 628 (Iowa 2008) (holding a judgment constitutes an illegal sentence when it is not authorized by statute).

**REVOCATION AFFIRMED, SENTENCE VACATED, AND REMANDED.**