# IN THE COURT OF APPEALS OF IOWA

No. 16-0897
Filed March 22, 2017

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**JUSTIN TODD BROWN,**
      Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, David L. Christensen, Judge.

A defendant appeals a consecutive sentence imposed following revocation of his deferred judgment for the offense of marijuana possession. **CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED FOR RESENTENCING.**

Sarah E. Crane of Davis, Brown, Koehn, Shors & Roberts, P.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**TABOR, Judge.**

Justin Brown challenges his 180-day sentence for marijuana possession, ordered to run consecutive to the prison terms imposed for possession of marijuana with intent to deliver, operating a motor vehicle without the owner's consent, assault on a police officer causing bodily injury, and first-offense operating while intoxicated.[1]  Brown argues that after revoking his deferred judgment on the possession offense, the district court failed to give reasons either for choosing the maximum sentence or for deciding it should not begin until the expiration of the other four terms.  Because the district court did not comply with Iowa Rule of Criminal Procedure 2.23(3)(d) or *State v. Hill*, 878 N.W.2d 269, 274–75 (Iowa 2016), we vacate the sentence and remand for resentencing.

To analyze Brown's sentencing claims, some procedural background is necessary.  In December 2014, Brown entered guilty pleas to four charges, reflected in the following chart from the plea and sentencing order:

| Case Number | Count | Crime | In violation of Iowa Code Section(s): |
|---|---|---|---|
| FECR279437 | I | OPERATING A MOTOR VEHICLE WITHOUT OWNER'S CONSENT (*Lesser Included Offense – An Aggravated Misdemeanor*) | 714.7 |
| | II | ASSAULT ON A POLICE OFFICER CAUSING BODILY INJURY (*Lesser Included Offense – An Aggravated Misdemeanor*) | 708.1(1) & 708.3A(3) |
| | III | POSSESSION OF A SCH I CONTROLLED SUBSTANCE (*A Serious Misdemeanor*) | 124.401(5) |
| OWOM078988 | I | OWI 1ST OFFENSE (*A Serious Misdemeanor*) | 321J.2 |

---

[1] The district court ordered those sentences (of five years, two years, two years, and one year) to run consecutive to each other for an indeterminate term totaling ten years.

The district court deferred judgment for the marijuana-possession charge but entered judgment for the first, second, and fourth offenses listed. The court directed those sentences run consecutive to each other, for a total of five years, as reflected in the following chart:

| Case Number | Count | Crime | Defendant shall be imprisoned for a period not to exceed: |
|---|---|---|---|
| FECR279437 | I | OPERATING A MOTOR VEHICLE WITHOUT OWNER'S CONSENT | 2 years |
| | II | ASSAULT ON A POLICE OFFICER CAUSING BODILY INJURY | 2 years |
| OWOM078988 | I | OWI 1ST OFFENSE | 1 years |

The district court suspended those three sentences and placed Brown on probation for two years.

A few months later, the State charged Brown with additional drug offenses. In September 2015, he entered a guilty plea to possession with intent to deliver marijuana, a class "D" felony, in violation of Iowa Code section 124.401(1)(d) (2015). The court suspended his sentence and placed him back on probation, ordering him to reside at the Fort Des Moines Men's Facility.

In November and December 2015, Brown violated the terms of his probation by missing work assignments, failing to return to the residential facility as required, and repeatedly using marijuana and synthetic marijuana. In January 2016, Brown stipulated to the probation violations.

On April 20, 2016, Brown appeared for a dispositional hearing. Brown's counsel asked the district court to continue his client's probation. The State recommended revocation of probation and imposition of Brown's original sentences. Nineteen-year-old Brown told the court he wanted to continue his

rehabilitation at Fort Des Moines so that he could be employed and act as "a functioning adult."

The court told Brown: "I am astonished that you have been given as many breaks as you have." The court decided to revoke Brown's probation and impose the original sentences. After a reminder from the prosecutor, the court also revoked Brown's deferred judgment on the marijuana-possession count. The State proposed the court impose a sentence of 180 days for that count, and the court adopted the State's proposal without additional discussion.[2] The written sentencing order—which the court directed the prosecutor to draft—imposed a prison term not to exceed 180 days and ran it consecutively to Brown's other previously suspended sentences.

On appeal, Brown challenges the district court's failure to articulate any reason for imposing the sentence of 180 days in prison or for ordering that time to run consecutive to the other sentences. We review this sentence for an abuse of discretion. *See Hill*, 878 N.W.2d at 272. We will reverse a sentencing decision when an abuse of discretion occurs or if we find a defect in the procedure. *See State v. Thompson*, 856 N.W.2d 915, 918 (Iowa 2014).

When imposing judgment and sentence following revocation of a deferred judgment, as occurred here, the district court is required to comply with the rules of criminal procedure relating to sentencing. *See State v. Lillibridge*, 519 N.W.2d 82, 83 (Iowa 1994). Compliance includes stating on the record the reason for

---

[2] At the hearing, the court asked, "[W]ould we impose the indeterminate count in jail of one year?" And the prosecutor replied: "We would propose that since it is marijuana, it is special, so it would be 180—but there would be language that 180 days can be served while in the custody of the Department of Corrections while incarcerated."

selecting a particular sentence. Iowa R. Crim. P. 2.23(3)(d). That rule also applies to the court's decision to impose consecutive sentences. *Hill*, 878 N.W.2d at 273.

Punishment for first-offense marijuana possession is "imprisonment in the county jail for not more than six months or by a fine of not more than one thousand dollars, or by both such fine and imprisonment." Iowa Code § 124.401(5). In the order revoking Brown's deferred judgment, the district court directed him to be "imprisoned for a period not to exceed 180 Days" for the marijuana possession. Neither at the April 20, 2016 hearing nor in the written order issued later that day did the district court provide a reason for imposing the 180-day sentence. The court also failed to explain why it decided to run that sentence consecutively to the others imposed.

In the absence of any reason associated with the particular marijuana-possession sentence, the State gravitates to the court's explanation for revoking probation, arguing the rationale, "by extension," also applied to the revocation of the deferred judgment. The written order states: "Continued probation in this case is denied because it would not provide reasonable protection of the public, it is unwarranted, and would unduly lessen the seriousness of the violations." We find this generic explanation for revoking probation insufficient to satisfy rule 2.23(3)(d). *See State v. Thacker*, 862 N.W.2d 402, 410 (Iowa 2015).

The State also contends the district court incorporated the reasons for consecutive terms from the 2014 plea and sentencing order into the 2016 hearing. Those reasons—appearing in checkboxes on the 2014 plea and sentencing order—included "the separate and serious nature of the offenses," "in

order to carry out the plea agreement," and "to provide defendant maximum incentive to comply with the terms and conditions of probation." Brown argues the 2014 explanation for consecutive sentences only applied to the suspended sentences, not the deferred judgment. We agree. Because judgment and sentence had been deferred on the marijuana-possession count, the district court's reference to the original sentences did not provide any support for its decision to tack the 180-day term onto the end of the previously suspended sentences.

In *Hill*, our supreme court encouraged sentencing courts to "give more detailed reasons for a sentence specific to the individual defendant and crimes" to satisfy rule 2.23(3)(d). 878 N.W.2d at 275. The *Hill* court also mandated that sentencing courts "explicitly state the reasons for imposing a consecutive sentence, although in doing so the court may rely on the same reasons for imposing a sentence of incarceration." *Id.* (overruling precedent that allowed appellate courts to infer the same reasons applied as part of "an overall sentencing plan"). In this case, the district court did not comply with rule 2.23(3)(d) or *Hill*. Accordingly, we vacate the sentence on the marijuana-possession offense and remand for resentencing.

**CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED FOR RESENTENCING.**