# IN THE COURT OF APPEALS OF IOWA

No. 18-2237
Filed January 9, 2020

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MICHAEL WAYNE VAN ESSEN JR.,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Sioux County, Timothy Jarman, Judge.

        A defendant appeals the revocation of his deferred judgment and the sentence imposed. **AFFIRMED.**

        Priscilla E. Forsyth, Sioux City, for appellant.

        Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

        Considered by Vaitheswaran, P.J., and Mullins and Ahlers, JJ.

**MULLINS, Judge.**

In August 2017, Michael Van Essen Jr., pursuant to a plea agreement, pled guilty to eluding or attempting to elude in violation of Iowa Code section 321.279(3)(b) (2016), a class "D" felony. The sentencing court abided by the terms of the plea agreement, deferring judgment and placing Van Essen on probation for two years. In March 2018, the State filed probation-violation allegations. A warrant issued for Van Essen's arrest. In July, the State filed another report of violations. A hearing was held in November. Van Essen stipulated to the allegations contained in the July 2018 report of violations—that he engaged in several criminal acts in violation of his probation.[1] The State presented sufficient evidence[2] to prove up the allegations contained in the March report of violations relative to employment,[3] attending a victim empathy class, and maintaining regular contact with his probation officer.

Following the hearing, the court: (1) found Van Essen violated his probation, (2) revoked his deferred judgment, (3) entered judgment of conviction, and (4) sentenced him to a suspended indeterminate term of imprisonment not to exceed five years with two additional years of probation from the new sentencing date.

Van Essen appeals, arguing the court failed to state adequate reasons for its decision. He seems to argue the district court was required to comply with Iowa Rule of Criminal Procedure 2.23(3)(d) in deciding to revoke his deferred judgment,

---

[1] The crimes included eluding, driving while barred, and escape.
[2] Which Van Essen does not dispute.
[3] Van Essen submitted evidence that he found new employment. But he agreed he did not inform his probation officer of his new employment, as required by the terms of his probation.

which requires the court to "state on the record its reason for selecting the particular sentence." He is incorrect; probation revocation is a civil proceeding to which the rules of criminal procedure do not apply. *State v. Lillibridge*, 519 N.W.2d 82, 83 (Iowa 1994). The court is only required to provide "written findings . . . showing the factual basis for the revocation." *Id.* In its written order, the court concluded the State proved its allegations of violation of probation and, as a result, Van Essen "should not be allowed to retain the benefits of a deferred judgment and sentence." This makes clear the court's decision was based on Van Essen's multiple violations of probation. We find the court's order sufficient to identify "what evidence [it] relied on in revoking probation." *Id.*

To the extent Van Essen argues the court failed to state adequate reasons for its subsequent sentencing decision, rule 2.23(3)(d) would apply to such a determination. *See State v. Thacker*, 862 N.W.2d 402, 407–08 (Iowa 2015). The court's statements at the sentencing hearing show the court's decision was based upon Van Essen's repeated probation violations, and the court made clear it was suspending Van Essen's prison sentence, in his favor, due to his young age and the harshness of an unsuspended sentence. *See id.* at 408. We find the court's terse and succinct statements regarding its sentencing decision to be sufficient to show its reasons for its discretionary decision are viable and affirm. *See id.*

**AFFIRMED.**