# IN THE COURT OF APPEALS OF IOWA

No. 23-1732
Filed January 23, 2025

**TODD ALAN WOODWORTH,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____


Appeal from the Iowa District Court for Marshall County, Kurt J. Stoebe, Judge.


A defendant appeals the district court's denial of his application for postconviction relief. **AFFIRMED.**


Gregory F. Greiner, West Des Moines, for appellant.

Brenna Bird, Attorney General, and Nicholas E. Siefert, Assistant Attorney General, for appellee State.


Considered by Tabor, C.J., and Ahlers and Sandy, JJ.

**SANDY, Judge.**

Todd Woodworth appeals the district court's denial of his application for postconviction relief. Woodworth contends the district court erred in finding that he did not receive ineffective assistance of counsel during his probation revocation hearing. He asserts that his counsel was ineffective during the revocation hearing because she failed to adequately advise him on the benefits of testifying relative to the State's burden of proof.

After our review of the record, we affirm.

## I. Background Facts and Proceedings

In May 2019, Woodworth was caught at a convenience store in Marshalltown writing a bad check tied to a bank account that did not belong to him. A few months later Woodworth was arrested for this offense and entered into a plea agreement with the State. Pursuant to the plea agreement, Woodworth pled guilty to one count of forgery in violation of Iowa Code sections 703.1, 703.2, 715.A2, and 715.A2(2)(a)(3) (2019).

Consistent with the terms of the plea agreement, Woodworth received a suspended indeterminate five-year prison sentence. He was placed on probation for a period of two to five years. As part of his probation agreement, Woodworth agreed to abstain from further violations of the law, maintain appointments with his probation officer, and not use illegal substances.

Woodworth did not abide by the probation agreement. In August 2020, he was arrested after he eluded police officers who attempted to stop his vehicle for speeding. The record reveals Woodworth led the officers on an extended high-

speed chase. He was arrested and pled guilty to eluding a pursuing law enforcement vehicle in violation of Iowa Code section 321.279(2) (2020).

After discovering Woodworth was arrested for eluding, the State filed an application to revoke his probation. In lieu of a revocation hearing, Woodworth stipulated to violating the terms of his probation and consented to modifying his probation. The district court modified the terms of Woodworth's probation, requiring him to successfully complete a stay at a residential facility. For his eluding conviction, Woodworth received a suspended indeterminate two-year prison sentence that was conditioned on his successful completion of probation. This sentence was ordered to run consecutively to his sentence for the forgery conviction.

But during a June 2021 meeting with his probation officer, Woodworth provided a urine sample that tested positive for methamphetamine. Shortly thereafter the State filed an application to revoke his probation. In its application, the State alleged Woodworth committed numerous violations of his probation, including further violations of the law, use of illegal substances, and alcohol use. Woodworth was arrested for his probation violations pursuant to a warrant. During his arrest, he provided the arresting officers with a false name and birthdate. This led to new criminal charges.

The district court held a revocation hearing in August 2021. Woodworth was represented at the hearing by attorney, Jennie Wilson-Moore. During the hearing, the district court only heard testimony from Woodworth's probation officer—Cam Turner. Wilson-Moore specifically asked Woodworth if he wished to testify, but he declined to do so. In her testimony, Turner explained that

Woodworth had missed numerous appointments with her. From April to July 2021, Turner stated Woodworth only attended one scheduled appointment with her, which was the appointment at which he tested positive for methamphetamine. In total, Turner testified Woodworth missed four scheduled appointments with her.

As for the positive drug test for methamphetamine, Turner testified that Woodworth came to her office in June 2021 for a scheduled meeting. At this meeting, Turner requested that Woodworth provide her with a urine analysis. As Turner explained:

> So, the procedure was that I had a male officer in the office on that day go to the bathroom with [Woodworth] so that he could urinate in a cup. And there are—there's something on the cup, you pull the strip back, and it tells you if the sample is positive or negative for certain substances. And so the UA was supervised by a male officer, and the UA tested positive for meth.

According to Turner, Woodworth blamed his positive sample on the fact that he was taking Sudafed. But she explained this was not a plausible explanation for his positive sample because the test she utilized screened for "other amphetamines." In Turner's view, if Woodworth had been taking Sudafed, his sample would have tested positive for "other amphetamines" instead of methamphetamine.

The district court subsequently issued an order finding Woodworth had violated the terms of his probation. Specifically, the district court found Woodworth violated his probation by providing false information to police officers, failing to keep all of his appointments with his probation officer, and by testing positive for methamphetamine. Following a dispositional hearing, the district court revoked Woodworth's probation and imposed his sentences for the forgery and eluding convictions.

Woodworth subsequently filed two applications for postconviction relief. In the application relevant to this appeal, Woodworth asserted that he received ineffective assistance from Wilson-Moore during the revocation hearing. Woodworth alleged Wilson-Moore was ineffective for two reasons. First, he contended Wilson-Moore was ineffective because she did not adequately explain the benefits of testifying relative to the State's burden of proof. Second, he asserted Wilson-Moore was ineffective for not objecting to Turner's testimony concerning the administration of the urine analysis.[1] In Woodworth's view, Wilson-Moore should have objected to Turner's testimony because she did not personally administer the urine analysis.

The district court held a trial for Woodworth's postconviction-relief application in August 2023. At the trial, Woodworth provided extensive testimony. However, Wilson-Moore was unable to testify due to a scheduling conflict. Following the trial, the district court issued an order denying Woodworth's application. The district court found that Woodworth did not establish that Wilson-Moore breached an essential duty. Additionally, it found Woodworth did not establish prejudice. This appeal followed.

## II.    Standard of Review

We review ineffective-assistance claims de novo. *State v. McNeal*, 867 N.W.2d 91, 99 (Iowa 2015).

---

[1] Woodworth does not mention this issue in his appellate brief. Instead, he only asserts "[h]e is particularly concerned regarding whether his attorney effectively impeached his probation officer's urine testing testimony." Accordingly, we do not address this claim on appeal.

### III. Analysis

To prevail on an ineffective-assistance claim, an applicant must prove (1) by a preponderance of the evidence that their counsel failed to perform an essential duty; and (2) prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Lopez*, 907 N.W.2d 112, 116 (Iowa 2018). "For most ineffective-assistance-of-counsel claims, the court may consider either the prejudice prong or breach of duty first, and failure to find either one will preclude relief." *State v. Lopez*, 872 N.W.2d 159, 169 (Iowa 2015).

We choose to resolve Woodworth's appeal under the prejudice prong.

On appeal, Woodworth asserts he received ineffective assistance from Wilson-Moore because she failed to adequately advise him on the decision of whether to testify at the revocation hearing. In his brief, Woodworth suggests that he was unaware the State only had to establish a probation violation by the preponderance of the evidence. Woodworth claims he was not aware the State carried a lower burden of proof. Had he been informed of this by Wilson-Moore, he suggests he would have decided to testify to refute the allegations in Turner's testimony. Imbued in this argument is Woodworth's belief he would have successfully refuted Turner's assertions by testifying. Thus, he believes he received ineffective assistance of counsel and was prejudiced as a result. We disagree.

"Probation revocation is a civil proceeding, not a stage of the criminal proceeding, and the rules of criminal procedure do not apply." *State v. Kline*, No. 12-0366, 2013 WL 3291865, at *2 (Iowa Ct. App. June 26, 2013) (citing *State v. Lillibridge*, 519 N.W.2d 82, 83 (Iowa 1994)). The State need only prove

violations of the terms and conditions of a probation agreement by a preponderance of the evidence to justify a revocation. *Rheuport v. State*, 238 N.W.2d 770, 772 (Iowa 1976).

We conclude Woodworth's ineffective-assistance claim cannot succeed because he has failed to establish the necessary prejudice. Woodworth's argument focuses almost exclusively on Turner's testimony concerning his positive urine sample for methamphetamine. The positive urine sample for methamphetamine was only *one* reason the district court found that he violated the terms of his probation agreement. But the district court also found Woodworth violated his probation agreement by failing to maintain and keep all appointments with his probation officer. It is undisputed that Woodworth's probation agreement provides, "I will keep all appointments with and maintain contact as directed by my probation officer, which may include announced/unannounced community or home contacts. I will tell my probation officer in ADVANCE if I cannot keep my appointment."

Besides testifying about Woodworth's positive urine sample for methamphetamine, Turner also testified that Woodworth missed four scheduled appointments with her. Missing appointments with a probation officer, as required by a probation agreement, is sufficient to revoke probation. *See Kline*, 2013 WL 3291865, at *2 (affirming the district court's decision to revoke a defendant's probation for failing to keep and maintain appointments with a probation officer). Furthermore, Woodworth expressly admitted to missing four appointments with Turner during his testimony at the postconviction-relief trial. This undermines his claim he would have successfully refuted *all* of the assertions contained in Turner's

testimony if he had testified at the revocation hearing. Thus, we cannot conclude he has established he was prejudiced by Wilson-Moore's advice concerning his decision whether to testify at the revocation hearing. *See Gaines v. State*, No. 10-2108, 2013 WL 1223835, at *2 (Iowa Ct. App. Mar. 27, 2013) (finding a defendant could not establish prejudice because she admitted to violating the terms of her probation during her postconviction trial).

Accordingly, we find the district court did not err in denying Woodworth's application for postconviction relief.

## IV.     Conclusion

We affirm the district court's denial of Woodworth's application for postconviction relief.

**AFFIRMED.**