STATE of Iowa, Appellee,

v.

Edward Lamar KIRBY, Appellant.

No. 99–1676.

Supreme Court of Iowa.

Feb. 14, 2001.

Linda Del Gallo, State Appellate Defender, and Patricia Reynolds, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Jean C. Pettinger, Assistant Attorney General, John P. Sarcone, County Attorney, and Gary W. Kendell, Assistant County Attorney, for appellee.

LARSON, Justice.

In February 1999 the Polk County District Court granted a deferred judgment to Edward Kirby following his plea of guilty to possession of a controlled substance with intent to deliver, in violation of Iowa

Code section 124.401(1)(c)(3) (1997). The court later revoked this order and sentenced Kirby to a prison term not to exceed ten years. We affirm.

The issues on appeal are whether the district court erred or abused its discretion in three respects: (1) revoking probation, (2) failing to give specific reasons for revoking probation and for the sentence entered, and (3) sentencing the defendant to imprisonment.

## I. *Facts and Prior Proceedings.*

Prior to the court's entry of the order granting a deferred judgment, Kirby had successfully completed an inpatient drug treatment program. His discharge papers included aftercare recommendations consisting of intensive outpatient treatment, continued attendance at support group meetings, and continued educational programming toward his general equivalency diploma (GED).

Kirby was ordered to pay restitution for his attorney fees and other expenses, but as of June 23, 1999, he had not done so. On that date, the court ordered him to pay $50 per month and set an August 26 date for him to appear and show cause why he should not be held in contempt of court for failing to pay restitution. Kirby paid $50 on July 13, 1999, but he made no other payments and he did not appear at the show-cause hearing. The court issued a warrant for his arrest.

## II. *The Revocation Decision.*

On September 2, 1999, a probation violation report was filed, alleging Kirby did not follow through with the GED or substance abuse requirements of his probation agreement. This violation report was later amended based on a September 4, 1999 event. On that date, Des Moines police officers observed a vehicle being driven by a person they knew to have a revoked driver's license. Kirby was a passenger in the front seat. Officers observed him bent forward and "making a lot of movements in the vehicle."

The driver was arrested for driving while revoked, and the officers searched the vehicle. In the front seat, ahead of the passenger door, the officers observed a plastic side panel that had been removed and replaced, "obviously not intact like it would be on a normal vehicle." They suspected something was hidden there. Inside the panel, they found approximately forty rocks, or eight grams, of crack cocaine. Kirby was arrested for possession of cocaine with intent to deliver, a tax stamp violation, and failure to wear a seat belt. Kirby's probation officer filed an amended probation violation report based on these additional facts.

The probation agreement does not appear in the record; however, the amended probation violation report (made a part of the record on appeal by the parties' stipulation) appears to refer to specific provisions in the probation agreement. The report stated:

> ALLEGED VIOLATIONS OF THE PROBATION ... CONTRACT[ ]
>
> # 3   The defendant violated this condition of probation ... by: the Possession of a Controlled Substance with intent to Deliver and no tax stamp.
>
> # 11/14   The defendant violated this condition of probation ... by: not completing the substance abuse program.
>
> # 14   The defendant violated this condition of probation ... by: not following through with GED program.

On October 5, 1999, the court held a probation revocation hearing. The State's witnesses included Kirby's probation officer and a police officer involved in the September 4 arrests. The court entered its written judgment, curtly stating the grounds for revoking probation:

> The Court finds by a preponderance of the evidence that the Defendant has violated the terms of his/her probation.

The brevity of this written judgment raises an issue on appeal, which we will discuss

as a preliminary matter.[1]

The Supreme Court·has held a defendant in a revocation case is entitled, as a matter of due process, to "a written statement by the factfinders as to the evidence relied on and reasons for revoking parole." *Morrissey v. Brewer*, 408 U.S. 471, 489, 92 S.Ct. 2593, 2604, 33 L.Ed.2d 484, 499 (1972) (parole revocation); *Gagnon v. Scarpelli*, 411 U.S. 778, 786, 93 S.Ct. 1756, 1762, 36 L.Ed.2d 656, 664 (1973) (probation revocation). The Court held in *Gagnon* that the constitutional requirements for revocation hearings in probation cases are the same as in parole-revocation cases. 411 U.S. at 782, 93 S.Ct. at 1760, 36 L.Ed.2d at 661–62. Citing *Morrissey*, we have said "[t]he findings of a court revoking probation must of course show the factual basis for the revocation." *State v. Hughes*, 200 N.W.2d 559, 562 (Iowa 1972). We declined, however, to prescribe a form for such an order.

In *State v. Lillibridge*, 519 N.W.2d 82 (Iowa 1994), a defendant's deferred judgment was revoked, and he was sentenced to jail. The district court, in a calendar entry, stated:

> The court finds the defendant has violated probation. Probation terminated. Defendant sentenced....

*Id.* at 83. We said "[b]ecause revocation is not a stage of a criminal prosecution, the rules of criminal procedure do not apply and 'the proceedings can be informal, even summary.'" *Id.* (quoting *Calvert v. State*, 310 N.W.2d 185, 187 (Iowa 1981)). We cautioned, however, that,

> [a]lthough procedure can be informal, probation revocation involves a serious loss of liberty and due process must be afforded. The trial court does not have to file an opinion or make conclusions of law, but due process requires written

findings by the court showing the factual basis for the revocation. While a calendar entry could meet this requirement, the district court's calendar entry does not indicate what evidence the court relied on in revoking probation.

*Id.* (citations omitted). We held the revocation order was insufficient and remanded for a new revocation hearing. *Id.* Kirby argues his case should be controlled by *Lillibridge*, and the court's brief order here was legally insufficient. *Lillibridge*, however, must be distinguished from Kirby's case because, as we discuss in the following paragraph, the revocation proceeding in *Lillibridge* was not reported, so we had no way to determine the basis for the court's revocation order.

After *Hughes* we decided *Rheuport v. State*, 238 N.W.2d 770 (Iowa 1976), another case discussing the requirements for a revocation order. We held that the *Morrissey* requirements were satisfied despite a lack of findings in the court's formal order.

> An oral statement of such findings by the factfinder, made in open court in the presence of the defendant and recorded by a court reporter, is substantially equivalent to the written statement required by *Morrissey*. As previously shown, the trial court made such a statement when he revoked petitioner's probation....

*Rheuport*, 238 N.W.2d at 775 (citation omitted); *accord United States v. Sesma Hernandez*, 219 F.3d 859, 861, *reh'g en banc granted*, 234 F.3d 493 (9th Cir.2000) ("[O]ral findings on the record will suffice."); *United States v. Copley*, 978 F.2d 829, 831 (4th Cir.1992) ("[A] transcribed oral finding can serve as a 'written statement' for due process purposes when the transcript ... enables the reviewing court to determine the basis of the trial court's decision."); *United States v. Barth*, 899

---

1. Kirby's attorney conceded at the revocation hearing that Kirby would probably lose his deferred judgment status but hoped the court would place him on probation once judgment was entered. The court did not grant probation, and Kirby argues his counsel was ineffective because his counsel's concession about losing his deferred status was prejudicial to him. We summarily reject this argument; there is no suggestion by the court that it relied on any concession by Kirby's attorney in making its ruling.

F.2d 199, 201–02 (2d Cir.1990) (same). *But see United States v. Smith,* 767 F.2d 521, 523–24 (8th Cir.1985) (rejecting view that transcript is sufficient compliance, based on court's reading of *Black v. Romano,* 471 U.S. 606, 105 S.Ct. 2254, 85 L.Ed.2d 636 (1985)).

■ In accordance with *Rheuport,* we look to the district court's statements on the record to glean the basis for the revocation. The court stated:

> Well, the initial issue, of course, is whether or not the State has established by the preponderance of the evidence that Mr. Kirby has, in fact, violated the terms of the deferred judgment which was granted on February 16, 1999.
>
> It appears that Mr. Kirby's only effort to comply with that deferred judgment was to report to [his probation officer] in March for an initial interview and then perhaps had another couple of contacts, and into April, but since then has not had any contact until he was arrested.
>
> The conditions of the deferred were relatively simple, that he work on his GED, that he make his financial obligations, that he continue with the substance abuse program. The Court, it does appear, did send him to [inpatient drug treatment]. That was an inpatient program, and he apparently was able to finish that as long as he was inpatient, but there is no evidence he made any effort to follow up with anything after that.
>
> He was before the Court on June 23, 1999, concerning a contempt for failure to pay his fines. He was ordered to pay $50 a month beginning in July, and in August—and was directed to appear on August 26 to show cause why he should not be held in contempt. He failed to appear on the 26th, and a warrant was issued for his arrest.
>
> The Court concludes that it has been established—and then, of course, we have the new charge, which the Court concludes has been established by a preponderance of the evidence—Mr. Kirby

> has violated the terms of his probation and the terms of the deferred judgment and should be revoked.

The court then proceeded to sentencing.

The court thus provided these grounds for concluding Kirby had violated his probation: (1) he did not maintain contact with his probation officer, (2) he failed to follow up on his substance abuse program, (3) he failed to pay restitution as ordered, and (4) he was charged with possession of cocaine. The court concluded these violations were established by a preponderance of the evidence. The court did not cite Kirby's lack of performance toward obtaining his GED as a ground for revocation, and the State concedes the GED conditions of the deferred judgment did not include a time deadline. We agree with Kirby that there is insufficient evidence to show he violated the GED provisions of his probation.

■ Clearly, the most serious charge is that Kirby possessed cocaine while on probation, especially in view of the fact this was the same offense for which he had obtained a deferred judgment. As to this ground, Kirby argues first that the new possession charge was not raised as an issue because the amended probation violation report, including the new possession charge, was not contained in the original appeal record. This issue is moot because the amended probation violation report was subsequently stipulated to by the parties. Kirby makes two additional arguments: (1) the State did not establish that obeying the law was a requirement of his probation, and (2) there was insufficient evidence to prove the new possession charge.

■ Even though the probation agreement is not in the record to establish that compliance with the law was a condition of probation, we have said

> it is a fundamental condition of any probation, whether or not it is expressed in

probation instructions, that the probationer shall not violate the law.

*State v. McGinnis,* 243 N.W.2d 583, 587 (Iowa 1976). In addition, the district court's order for deferred judgment specifically provided "[t]his probation is subject to revocation by the Court under chapter 908 of the Code of Iowa on ... a finding that the Defendant has ... failed to live within the terms of this probation *and the law.*" (Emphasis added.)

■ As to the merits of the charge of possession, we said recently that proximity to contraband, standing alone, is insufficient to establish constructive possession for conviction purposes. *See State v. Atkinson,* 620 N.W.2d at 1, 4 (Iowa 2000). In this case, however, Kirby's proximity to the drugs coupled with Kirby's suspicious activities observed by the officers was substantial evidence of a violation, especially when considered together with the other violations described above. Proof beyond a reasonable doubt is not required. *See Rheuport,* 238 N.W.2d at 772 (noting the requisite degree of proof in a revocation proceeding is a preponderance of the evidence); *State v. Dolan,* 496 N.W.2d 278, 280 (Iowa Ct.App.1992).

### III. *The Sentence Imposed.*

The defendant contends the court abused its discretion in (1) sentencing him to prison and (2) failing to give reasons for ordering incarceration instead of other alternatives.

As to the first argument,

[w]here ... a defendant does not assert that the imposed sentence is outside the statutory limits, the sentence will be set aside only for an abuse of discretion. An abuse of discretion is found only when the sentencing court exercises its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable.

*State v. Thomas,* 547 N.W.2d 223, 225 (Iowa 1996) (citation omitted).

■ We do not believe the defendant has met that burden here. The sentence was within the parameters of the statute (up to ten years in prison), and the defendant asserts no facts suggesting the court abused its discretion in imposing the sentence or in finding no mitigating circumstances under Iowa Code section 901.10 to reduce the term. The court was apparently convinced that another break for this defendant to allow him to stay out of prison was not warranted.

■ Kirby also contends the court failed to adequately state reasons for the sentence imposed as required by Iowa Rule of Criminal Procedure 22(3)(d). *See Lillibridge,* 519 N.W.2d at 83 (because entry of sentence is the final judgment in the criminal case, not part of the civil revocation proceeding, the district court must comply with the rules of criminal procedure). In *Black v. Romano* the Supreme Court held that the district court need not elaborate on its reasons for rejecting alternative punishment because "a general requirement that the factfinder elaborate upon the reasons for a course not taken would unduly burden the revocation proceeding without significantly advancing the interests of the probationer." *Black,* 471 U.S. at 613, 105 S.Ct. at 2259, 85 L.Ed.2d at 644. We believe the court's statement of reasons for revoking the probation sufficiently complies with rule 22's requirement of a statement of reasons for the sentence imposed. *See State v. Johnson,* 445 N.W.2d 337, 343 (Iowa 1989) (holding various portions of record "form a sufficient basis upon which to review the exercise of the trial court's sentencing discretion"). Accordingly, we affirm.

**AFFIRMED.**