# IN THE COURT OF APPEALS OF IOWA

No. 14-1125
Filed November 25, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MEGAN DIANA REYNOLDS,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Montgomery County, Timothy

O'Grady, Judge.

        A defendant appeals from the revocation of her deferred judgment and the

subsequent imposition of sentence by the district court.  **AFFIRMED.**

        Richard C. Swenson of Swenson Law Office, L.L.C., Glenwood, for

appellant.

        Thomas J. Miller, Attorney General, and Kelli A. Huser, Assistant Attorney

General, for appellee.

        Considered by Danilson, C.J., Mullins, J., and Miller, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**DANILSON, Chief Judge.**

Megan Reynolds appeals from the district court's revocation of her deferred judgment and the subsequent imposition of a term of incarceration not to exceed ten years for the offense of delivery of a controlled substance, in violation of Iowa Code section 124.401(1)(c)(6) (2013), a class "C" felony. Reynolds maintains sufficient evidence does not support the court's finding that she violated the conditions of her probation. In the alternative, she maintains the district court abused its discretion in imposing a ten-year sentence. Because sufficient evidence supports the district court's finding that Reynolds violated the terms of her probation and deferred judgment, we cannot conclude the district court abused its discretion in imposing the sentence of incarceration. We affirm.

**I. Background Facts and Proceedings.**

On September 23, 2013, Reynolds was charged by trial information with two counts of delivery of a controlled substance (methamphetamine).

On March 10, 2014, Reynolds entered a guilty plea for one of the counts. In exchange, the State dismissed the second count and agreed not to resist Reynolds' request for a deferred judgment. The district court accepted Reynolds' guilty plea, granted her request for a deferred judgment, and placed her on probation for two years. As part of the terms of her probation, Reynolds was to "receive no criminal law violations" and "completely abstain from all controlled substances."

On May 5, 2014, the State filed an application for the revocation of Reynolds' probation. A hearing on the matter was held on June 16, 2014.

At the hearing, Reynolds' probation officer testified that Reynolds tested positive for methamphetamine on April 29, 2014, and admitted to him that she had used methamphetamine in the week prior to the test. Additionally, when she was asked to appear for another drug test on May 2, 2014, she failed to show up.

The same day, the district court found Reynolds had violated the terms of her probation and revoked her deferred judgment. She was sentenced to a term of incarceration not to exceed ten years.

Reynolds appeals.

## II. Standard of Review.

We review the district court's revocation decision for the correction of errors at law. Iowa R. App. P. 6.907.

We review a district court's sentencing decision for corrections of error at law. *State v. Liddell*, 672 N.W.2d 805, 815 (Iowa 2003). "A sentence will not be upset on appellate review unless the defendant demonstrates an abuse of trial court discretion or a defect in the sentencing procedure, such as trial court consideration of impermissible factors." *Id.*

## III. Discussion.

Reynolds maintains sufficient evidence does not support the court's finding that she violated the conditions of her probation. "Grounds for probation revocation must be proved by a preponderance of the evidence; thus, on review there must be sufficient evidence to support the district court's revocation of probation." *State v. Allen*, 402 N.W.2d 438, 443 (Iowa 1987). We look to see whether the district court's reported findings, written or oral, show a factual basis for the revocation. *State v. Kirby*, 622 N.W.2d 506, 509-10 (Iowa 2001).

Here, the terms of Reynolds' probation required her to "receive no criminal law violations" and "completely abstain from all controlled substances." The State presented evidence that Reynolds tested positive for the use of methamphetamine while on probation and had admitted to her probation officer she used methamphetamine. Sufficient evidence supports the district court's finding that Reynolds violated the conditions of her probation.

In the alternative, Reynolds maintains the district court abused its discretion in imposing a ten-year sentence. Reynolds concedes that Iowa Code section 908.11 permits the district court to "impose any section which might have originally been imposed." She also concedes that a ten-year sentence was within the discretion of the district court. Rather, she maintains the district court failed to exercise its discretion because it "fail[ed] without justification to take into consideration all of the options available to the court after finding a violation of probation."[1]

Iowa Rule of Criminal Procedure 2.23(3)(d) requires the court to "state on the record its reason for selecting the particular sentence." However, "[g]enerally, a sentencing court is not required to give its reasons for rejecting

---

[1] Iowa Code section 908.11(4) provides the court with four options after the violation of probation has been established:

> If the defendant is an adult or a youthful offender the court may hold the defendant in contempt of court and sentence the defendant to a jail term while continuing the probation or youthful offender status, order the defendant to be placed in a violator facility established pursuant to section 904.207 while continuing the probation or youthful offender status, extend the period of probation for up to one year as authorized in section 907.7 while continuing the probation or youthful offender status, or revoke the probation or youthful offender status and require the defendant to serve the sentence imposed or any lesser sentence, and, if imposition of sentence was deferred, may impose any sentence which might originally have been imposed.

particular sentencing options." *State v. Loyd*, 530 N.W.2d 708, 713–14 (Iowa 1995). Here, the court stated it was imposing the term of incarceration because Reynolds had been given opportunities to address her drug problem—including inpatient treatment—and had not utilized them.[2] We cannot say the district court abused its discretion in imposing a term of incarceration not to exceed ten years. We affirm.

**AFFIRMED.**

---

[2] The district court also noted that Reynolds once began inpatient treatment but left treatment without sufficient reason.