**IN THE COURT OF APPEALS OF IOWA**

No. 16-0606
Filed December 21, 2016


**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**TYLER S. EKSTRAND,**
        Defendant-Appellant.
_____


        Appeal from the Iowa District Court for Scott County, Stuart P. Werling,

Judge.


        A defendant challenges the adequacy of his sentencing hearing.

**AFFIRMED.**


        Thomas J. O'Flaherty of O'Flaherty Law Firm, Bettendorf, for appellant.

        Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant

Attorney General, for appellee.


        Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**TABOR, Judge.**

Tyler Ekstrand appeals his indeterminate five-year prison sentence for a drug offense. He contends the district court failed to comply with Iowa Rule of Criminal Procedure 2.23(3)(d), which requires a statement on the record of "its reason for selecting the particular sentence." At the combined hearing on the probation revocation and sentencing, the district court considered the parties' recommendations and Ekstrand's allocution before giving its succinct rationale imposing incarceration. Finding that rationale adequate to review the court's exercise of discretion, we affirm.

Ekstrand pleaded guilty to possession of marijuana with intent to deliver, a class "D" felony, in violation of Iowa Code sections 124.204(4)(m), 124.401(1)(d), and 703.1 (2013). On June 4, 2014, the court granted him a deferred judgment and ordered two years of probation. Ekstrand struggled to comply with the terms of his probation and returned to court for a probation revocation hearing on March 31, 2016. Ekstrand admitted violating the conditions of his probation.[1]

The State recommended incarceration, arguing Ekstrand had been given "every opportunity for community-based corrections, including placement at the Residential Corrections Facility, placement in the Salvation Army program, and placement in the mental health facility." Defense counsel asked the court to allow her client to keep his deferred judgment but, short of that, suggested community-based programs where he could address his mental-health and

---

[1] The violations included testing positive for controlled substances three times between June and December 2014 and receiving new charges for criminal mischief in the third degree and simple-misdemeanor theft. After being ordered by the district court to serve a ninety-day contempt sentence, Ekstrand further violated his probation by consuming benzodiazepine and methadone and failing to complete rehabilitation programming.

substance-abuse issues. Ekstrand apologized for his actions and asked for a chance "not to go to prison."

The court then addressed Ekstrand:

Based on the report of the various alternatives and support opportunities that you've had, the Court finds that continuing your probation and continuing your deferred in this matter would be an exercise in futility.

You have been given the opportunity previously to take advantage of resources of the community and those have not been sufficient to support you in continuing law-abiding behavior.

We review the court's imposition of the prison term for correction of legal error. *See State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). We will reverse only if we find an abuse of discretion or some defect in the sentencing procedure. *See id.*

On appeal, Ekstrand argues the court's statement of reasons "was terse and suffices for the revocation decision, but does not carry over to support the prison sentence that the district court imposed." We disagree. The statement-of-reason requirement in rule 2.23(3)(d) has two audiences: defendants, who must be made aware of the consequences of their actions, and appellate judges, who are obliged to review the sentencing court's exercise of discretion. *State v. Thompson*, 856 N.W.2d 915, 919 (Iowa 2014). The court's explanation for its sentence in this case satisfied both purposes. *See id.* As was the case in *State v. Kirby*, "[t]he court was apparently convinced that another break for this defendant to allow him to stay out of prison was not warranted." 622 N.W.2d 506, 511 (Iowa 2001).

Ekstrand also complains the district court did not refer to the presentence investigation (PSI) report, and the record does not show the PSI was updated

after the June 2014 hearing. Ekstrand further asserts the sentencing record does not reveal the court considered reports concerning his mental health. The court's "failure to acknowledge a particular sentencing circumstance does not necessarily mean it was not considered." *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995). At the hearing, both parties discussed programs aimed at addressing Ekstrand's substance abuse and mental health. The court specifically mentioned reports of the various "support opportunities" and "resources" that had been made available to Ekstrand but found they had not helped him achieve "continuing law-abiding behavior."

When the district court imposes a sentence within the statutory limits, it is "cloaked with a strong presumption in its favor." *Formaro*, 638 N.W.2d at 724. On this record, Ekstrand cannot overcome the presumption that the district court acted within its discretion.

**AFFIRMED.**