# IN THE COURT OF APPEALS OF IOWA

No. 17-1528
Filed October 10, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**NANCY KAY ELIZABETH HOFFMAN,**
        Defendant-Appellant.

_____

        Appeal from the Iowa District Court for Scott County, Henry W. Latham II, Judge.

        A woman appeals her conviction and sentence for operating while under the influence, second offense, following her guilty plea and the revocation of her probation and deferred judgment.  **AFFIRMED.**

        Micki M. Meier of Meier Law Firm, Davenport, for appellant.

        Thomas J. Miller, Attorney General, and Kevin Cmelik and Thomas E. Bakke, Assistant Attorney General, for appellee.

        Considered by Danilson, C.J., and Vogel and Tabor, JJ.

**DANILSON, Chief Judge.**

Nancy Hoffman appeals her conviction and sentence following her guilty plea to operating while under the influence, second offense (OWI 2nd offense). Her appeal was consolidated with her appeal of the revocation of her probation and deferred judgment from a prior conviction. Hoffman asserts the court erred in accepting her guilty plea, in sentencing her, and in finding a probation violation had occurred. Hoffman also asserts her trial counsel was ineffective in allowing her to plead guilty to OWI 2nd offense without a factual basis and because her plea was not given knowingly, voluntarily, or intelligently.

Because there was a factual basis for Hoffman's guilty plea to OWI 2nd offense, counsel was not ineffective in that regard. Because Hoffman stipulated she violated the terms of probation, the court did not err in revoking her probation and deferred judgment. We affirm Hoffman's conviction, revocation, and sentences. Because the record is inadequate to address Hoffman's other ineffective-assistance-of-counsel claims, we preserve those claims for potential postconviction-relief proceedings.

**I. Background Facts and Proceedings**

In May 2016, Hoffman was charged with several felonies related to the distribution of marijuana. Pursuant to a plea agreement, Hoffman pled guilty to conspiracy to commit a non-forcible felony, received a deferred judgment, and was placed on probation on October 7, 2016.

Twenty-two days later, Hoffman was arrested for suspected OWI after she was involved in a car accident. A passenger in the car told officers Hoffman had

been the driver of the vehicle, and witnesses reported the driver of the vehicle fled on foot after the accident. Officers found Hoffman in a nearby park—lying facedown on the ground in some bushes. Hoffman was taken to the jail and agreed to perform standard field sobriety tests. She failed all of them. She submitted a breath sample and it revealed her blood alcohol concentration was .135. Throughout her interaction with police, Hoffman denied being the driver of the car. The State charged Hoffman with OWI 2nd offense on December 6, 2016.

Hoffman's probation officer reported Hoffman was arrested on January 12, 2017, for driving while revoked. The State filed an application to revoke Hoffman's probation on January 13, 2017. Hoffman's probation officer filed an addendum to the original probation-violation report on August 28, 2017, and reported Hoffman was arrested in April 2017 for driving while revoked and having no registration. The probation officer also reported Hoffman was ticketed for driving while barred in May and she tested positive for drug use in June and August.

On September 7, 2017, Hoffman and the State signed a plea agreement in the OWI, second offense, case. Hoffman was represented by attorney Rebecca Ruggero. According to the agreement memorandum, Hoffman agreed to plead guilty, and the State would recommend her sentence be served concurrently with the disposition or sentence in her conspiracy case. On the same day, the court accepted Hoffman's written guilty plea. Paragraph two of the guilty plea form reads, "By pleading guilty, I am asking the court to accept my guilty plea. I am admitting there is a factual basis for the charge(s), and I admit at the time and place charged in the Trial Information I [blank lines]." Handwritten above

paragraph two is, "I agree that a jury could likely find me guilty." Handwritten and crossed out in the space provided below paragraph two is the word "operated," then the following is written: "operating a motor vehicle while under the influence and that I was convicted of[.]" Paragraph 3 of the form reads, "Additionally, I accept the minutes of testimony as substantially true as to the elements of these charges with the exclusion of the following statements: [blank lines]." Handwritten in the space provided below paragraph 3 is, "OWI in 2009" and "Don't recall what happened in Illinois."[1]

Paragraph 10 of the guilty plea form reads: "If I claim there are any irregularities or errors in these plea proceedings, I must file a motion in arrest of judgment . . . . [f]ailure to do so will preclude my right to assert any defects in this plea in any appeal." The form also reads near the bottom:

> No one has made any promises or inducements to make me plead guilty, nor has anyone threatened me to cause me to plead guilty. My decision to plead guilty is voluntary and intelligently made. I am not under the influence of any drug, medication or alcohol that would hurt my ability to make decisions.

Three paragraphs near the end of the form are marked with an "X"—one waiving Hoffman's right to be personally present and participate in an in-court plea colloquy and her right to have a verbatim record of the guilty plea proceedings, and one waiving her right to be present and address the court at sentencing and her right to verbatim record of sentencing. The final marked paragraph states:

---

[1] The phrase, "Don't recall what happened" appears on the lines between the phrases "OWI in 2009," and "in Illinois." The phrase "Don't recall what happened" appears to be a separate phrase and perhaps different handwriting. One interpretation is that the phrase "Don't recall what happened," pertains only to the 2009 OWI in Illinois. Another interpretation is that the phrase "OWI in 2009 in Illinois" is the ending phrase to the sentence handwritten in paragraph two.

I am waiving my right to file a motion in arrest of judgment as described in #10 above, my right to wait [fifteen] days for my sentencing and I wish to be sentenced today. I know of no legal cause why judgment should not be entered and there are no pending motions.

Hoffman signed the guilty plea form. The court accepted the guilty plea, but set sentencing for September 21, 2017, to correspond with the probation-revocation hearing in her conspiracy case.

The sentencing in the OWI 2nd offense case took place in writing, without verbatim record as agreed to by Hoffman. The sentencing order was filed on September 21, 2017, following the hearing on the probation-revocation proceedings. Hoffman was sentenced to a prison term not to exceed two years.

During the probation-revocation hearing on September 21, Hoffman was represented by attorney Russell Dircks. The court began by asking Dircks whether Hoffman was "stipulating to the report of violation or is she requiring a hearing on that matter today." Dircks responded, "She is stipulating to the violation, Your Honor. Clearly with a plea of guilty to an OWI, second offense, she is in violation." The court asked Hoffman, "Do you understand you have a right to a full hearing on this matter and require the State to prove by a preponderance of the evidence that you violated the terms of your probation?" Hoffman responded, "I understand." The court then asked, "And do you desire to stipulate and agree that you violated the terms of your probation?" Hoffman responded, "I agree that I violated them." The court accepted Hoffman's stipulation and found she admitted to violating the terms and conditions of her probation "as stated in the report of violation."

The court then asked for the State's recommendation, and the State recommended the deferred judgment on the conspiracy charge be revoked and that the court impose a five-year term of incarceration. Dircks interjected, "I don't believe that was what I was told." The State's attorney responded, "Well, if you take away the deferred, that's what it is. It is up to the court whether or not to suspend or not any prison sentence." Dircks replied, "Well, I guess I was kind of led to believe that it was going to be suspended, though. But this didn't come from you, it was from the probation officer. I thought that's what you were telling me." The court allowed the attorneys to have an off-the-record discussion about what statements they wished to make to the court.

After the off-the-record conversation, the State reaffirmed its recommendation that a five-year term of incarceration be imposed, with the sentence to run concurrently with the OWI 2nd offense sentence—as was specified in the plea agreement. Dircks then made the following statement on behalf of Hoffman:

> Yes, Your Honor. Again, it was my understanding that—and I believe she confirms this—that her probation officer was going to recommend that she lose her deferred and that she would be placed back on probation on this charge alone. And I guess that is what we would be requesting. I understand it's kind of awkward the way it's happening. She has a two-year sentence to serve, and I don't know exactly how they compute all of that, but it's going to be—I guess it's our recommendation that again she do the two years on that separate charge that has nothing to do with the factual basis on this charge, and that she actually be placed on probation, and that her probation—well, when she get's paroled, that they would run concurrent when she gets back out.

The court then gave Hoffman the opportunity to speak, and she apologized for her actions and asked the court not to send her to jail.

The court then revoked Hoffman's probation and deferred judgment. As the court began to sentence Hoffman, she asked if she could say something. Hoffman told the court:

> I just completed seven months of [Center for Alcohol & Drug Services] CADS treatment. And I don't know how relevant it is to the case, but I took the plea offer for the OWI second because I was under the impression the State was recommending against incarceration, and they were going to run my sentence concurrent. Because I was going to take the OWI second to trial, and I was told to accept a plea because they would run my sentence concurrent, and they were going to recommend against incarceration. That is the only reason I didn't take the OWI second to trial. I was in the car. Yes, I did get out. I was not operating that vehicle. And I—they asked me for that in writing and I told them, no, I will not plead guilty to operating that vehicle, and I put it in writing that I understand that if I was to go to trial, there is a possibility I could be found guilty. I would not put it in writing and I would not admit to it, and that's the only reason I accepted the plea.

Still present in the courtroom, Attorney Ruggero volunteered to address Hoffman's statement and responded:

> She was allowed to—I'm sorry. Ms. Hoffman was able to plead by an *Alford* plea.[2] That's how we handled it. And there was nothing— I was not representing at any time that there was any promise for her to not get revoked. I believe the plea agreement does not even make a promise like that. I was not told at the time we did the *Alford* plea that there was a chance that she was not going to get revoked. That was not part of the conversations I had. And it was an *Alford* plea, however. I mean, she was under the influence, it's my understanding, and Josh Simms made that offer to try to resolve the case.

The State's attorney then clarified the OWI 2nd offense plea agreement, stating, "The plea agreement says it's an open plea." The court found no reason

---

[2] An *Alford* plea is a variation of a guilty plea where the defendant does not admit participation in the acts constituting the crime but consents to the imposition of a sentence because the record contains strong evidence of actual guilt. *North Carolina v. Alford*, 400 U.S. 25, 37 (1970).

not to proceed with revocation and sentencing, and sentenced Hoffman to a term of incarceration not to exceed five years. Hoffman appeals.

**II. Standard of Review**

In order to challenge a guilty plea on appeal, a defendant must file a motion in arrest of judgment. *State v. Bearse*, 748 N.W.2d 211, 218 (Iowa 2008); *see also* Iowa R. Crim. P. 2.24(3)(a). Notwithstanding the failure to file a motion in arrest of judgment, the guilty plea may be challenged through an ineffective-assistance-of-counsel claim. *State v. Finney*, 834 N.W.2d 46, 49 (Iowa 2013).

We review claims of ineffective assistance of counsel de novo because the claims implicate the defendant's Sixth Amendment right to counsel. *State v. Thorndike*, 860 N.W.2d 316, 319 (Iowa 2015). An ineffective-assistance-of-counsel claim may be raised and decided on direct appeal when the record is adequate to address the claim. Iowa Code § 814.7(2), (3) (2017). To succeed on a claim of ineffective assistance of counsel, the defendant must show by a preponderance of the evidence: "(1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice." *Thorndike*, 860 N.W.2d at 320 (citations omitted); *accord Strickland v. Washington*, 466 U.S. 668, 687 (1984).

"Where a factual basis for a charge does not exist, and trial counsel allows the defendant to plead guilty anyway, counsel has failed to perform an essential duty." *State v. Gines*, 844 N.W.2d 437, 441 (Iowa 2014) (citation omitted). "Prejudice is inherent in such a case." *Id.* Therefore, our "only inquiry is whether the record shows a factual basis for the guilty plea." *Id.* "The factual basis must be contained in the record, and the record, as a whole, must disclose facts to

satisfy all elements of the offense." *State v. Ortiz*, 789 N.W.2d 761, 767–68 (Iowa 2010). "A factual basis can be discerned from four sources: (1) inquiry of the defendant, (2) inquiry of the prosecutor, (3) examination of the presentence report, and (4) minutes of evidence." *Id.* at 768. In assessing whether a factual basis for a charge exists, "the record does not need to show the totality of the evidence necessary to support a guilty conviction . . . it need only demonstrate facts that support the offense." *Id.*

As a general rule, direct appeal from a probation-revocation proceeding is not allowed. *See State v. Rheuport*, 225 N.W.2d 122, 123 (Iowa 1975). Postconviction-relief proceedings are the exclusive remedy. *See* Iowa Code § 822.2(1)(e) (providing for postconviction relief where "[t]he person's sentence has expired, or probation, parole, or conditional release has been unlawfully revoked, or the person is otherwise unlawfully held in custody or other restraint"); *Rheuport*, 225 N.W.2d at 123 ("We hold chapter 663A [recodified at chapter 822] provides the exclusive remedy for challenging revocation of probation."). However, an exception to the rule exists where, as here, the district court revokes a deferred judgment and enters sentence. *See State v. Farmer*, 234 N.W.2d 89, 90–91 (Iowa 1975). This is because the revocation order "inheres in the subsequent judgment [and the] defendant may attack the revocation order . . . in [her] appeal from final judgment." *Id.* at 91. We thus have jurisdiction over this appeal.

Revocation of probation proceedings are reviewed for an abuse of discretion. *State v. Allen*, 402 N.W.2d 438, 443 (Iowa 1987). We review sentencing proceedings for the correction of legal error. *State v. Formaro*, 638

N.W.2d 720, 724 (Iowa 2002). But, "[w]e will not reverse the decision of the district court absent an abuse of discretion or some defect in the sentencing procedure." *Id.*

### III. Analysis

#### A. Factual Basis

Hoffman claims she received ineffective assistance of counsel because her attorney allowed her to plead guilty when there was no proper factual basis for the OWI 2nd offense charge.[3] Hoffman also claims the court erred in accepting the plea and imposing sentence based on the lack of factual basis. The State contends Hoffman's counsel was not ineffective because the written guilty plea and the minutes of evidence show there was a factual basis supporting the guilty plea. The State also contends Hoffman's other claimed errors are not preserved because she failed to file a motion in arrest of judgment.

We agree with the State with regard to error preservation. Hoffman did not file a motion in arrest of judgment. In fact, Hoffman waived her right to file a motion in arrest of judgment in her written guilty plea. She may only challenge her guilty plea via an ineffective-assistance-of-counsel claim. *Finney*, 834 N.W.2d at 49. Functionally, because Hoffman's ineffective-asssistance-of-counsel claims are

---

[3] The record is unclear whether Hoffman's plea was, or was intended to be, an *Alford* plea. There is no reference to an *Alford* plea in the written guilty plea, the order accepting the plea, or the sentencing order. We also observe the memorandum of plea agreement filed on September 7, 2017, references rule 2.10 of the Iowa Rules of Criminal Procedure, but, again, does not reference an *Alford* plea and indicates the court's concurrence is not a condition to accepting the plea. Because a factual basis is required in both guilty pleas and *Alford* pleas, and a factual basis exists as shown in the minutes of evidence, it is inconsequential which type of plea occurred here. *See State v. Rodriguez*, 804 N.W.2d 844, 850 (Iowa 2011) (examining the minutes of evidence to see whether sufficient facts were available to justify counsel in allowing *Alford* plea).

based on the same alleged errors in the guilty plea, her failure to preserve error makes little difference in our analysis—we must still determine whether a factual basis to support the charge existed.

The court had before it the minutes of evidence and Hoffman's consent to rely on the minutes to establish a factual basis for her guilty plea. The minutes incorporate, by reference, the statements witnesses to the car accident made to law enforcement. The passenger of the vehicle Hoffman was in told officers Hoffman was the driver. Another witness observed a person fitting Hoffman's description exit the vehicle and flee the scene. Officers found Hoffman hiding nearby. Officers determined Hoffman was intoxicated. Hoffman confirmed in her written guilty plea she had a prior conviction for OWI. Upon our de novo review, we are satisfied the record supports all the elements of the offense and conclude a factual basis existed.[4]

The factual basis is not rendered improper based on Hoffman's claims she does not recall the events or her contention during the subsequent probation-revocation proceedings she was not operating the vehicle. *See Ortiz*, 789 N.W.2d at 768 (explaining "the record does not need to show the totality of the evidence necessary to support a guilty conviction . . . it need only demonstrate facts that support the offense").[5] Finally, Hofffman fails to recognize that the court had accepted her plea on September 7, 2017, two weeks before the probation-

---

[4] The elements of OWI 2nd offense are: (1) the defendant operated a motor vehicle; (2) while under the influence of alcohol; and (3) had previously been convicted of OWI. *See* Iowa Code § 321J.2.

[5] We would reach the same conclusion even if Hoffman could not recall the facts of the current offense.

revocation proceeding, and Hoffman's announcement that she was not driving the vehicle during the probation-revocation proceedings was not a proper method to challenge her earlier plea—then or now on appeal.

Because there was a factual basis supporting Hoffman's guilty plea, we find defense counsel did not breach an essential duty by allowing Hoffman to plead guilty to OWI 2nd offense. Although we agree with the State error was not preserved on Hoffman's claim that the court erred in accepting the plea and in sentencing her, in light of our conclusion a factual basis existed, her claims the court erred are without merit.

### B. Knowing, Voluntary, and Intelligent

Hoffman also argues her plea was not given knowingly, voluntarily, and intelligently and, thus, counsel's failure to file a motion in arrest of judgment to challenge the plea constitutes a breach of an essential duty. *See State v. Philo*, 697 N.W.2d 481, 488–89 (Iowa 2005). We find the record inadequate to address her ineffective-assistance-of-counsel claim in this respect and preserve it for potential postconviction-relief proceedings. *See id.* at 489 (concluding a claim of ineffective assistance of counsel must be preserved for postconviction-relief proceedings if it is necessary to more fully develop the record).

### C. Prior-Conviction Colloquy

Hoffman contends the court erred in sentencing her because the prior-conviction colloquy was insufficient to establish she knowingly and voluntarily pled guilty to an enhanced charge. There is no verbatim record of the sentencing, and

Hoffman argues the written guilty plea is insufficient. The State contends error is not preserved on this issue. We agree.

Hoffman's claim the sentencing court erred is a veiled attack on the guilty-plea proceeding. The prior-conviction colloquy of which she complains occurred prior to sentencing. Because she failed to file a motion in arrest of judgment, she is unable to challenge the guilty-plea proceeding—including the portion of the proceeding during which the court engaged in a prior-conviction colloquy.

Even if error were preserved, Hoffman waived her right to appear personally and in open court during the guilty-plea proceeding and waived verbatim record of the guilty-plea and sentencing proceedings. Hoffman's written guilty plea indicated she knew the maximum and mandatory minimum penalties for OWI, second offense. She also acknowledged her right to have a trial. Hoffman's written guilty plea states she pled "with full knowledge" of her rights and did so "freely and voluntarily." Hoffman could have denied her prior conviction or asserted that she was not represented by counsel, but she did not do so. Moreover, we see nothing in the record to indicate Hoffman's admission to her prior conviction was not voluntary or intelligent. She also has not provided us with a statement of the proceedings as allowed under Iowa Rule of Appellate Procedure 6.806(1) ("A statement of the proceedings may be prepared to create a record of a hearing or trial for which a transcript is unavailable if a party deems it necessary to complete the record on appeal."). On this record, we are unable to conclude the court erred.

**D. Revocation of Probation and Deferred Judgment**

Hoffman lastly claims the court erred in finding she violated the terms of probation and in revoking her probation and deferred judgment. The State counters Hoffman stipulated she violated the terms of her probation.

"Probation revocation involves a two-step inquiry by the court. First, the court must determine if a probation violation has occurred. Next, the court must determine what should be done as a result of the violation." *Allen*, 402 N.W.2d at 443. "Probation revocation is a civil proceeding and not a stage of criminal prosecution. Because revocation is not a stage of criminal prosecution, the rules of criminal procedure do not apply and 'the proceedings can be informal, even summary.'" *State v. Lillibridge*, 519 N.W.2d 82, 83 (Iowa 1994) (citation omitted) (quoting *Calvert v. State*, 310 N.W.2d 185, 187 (Iowa 1981)). However, because probation revocation results in a deprivation of liberty, the court must afford the defendant due process. *See id.* Due process requires a probationer be provided with notice of any claimed violations prior to revocation. *See Calvert*, 310 N.W.2d at 188. Due process requires findings by the court showing the factual basis for the revocation. *See id.* The court may make the required findings of fact in writing or orally on the record. *See State v. Kirby*, 622 N.W.2d 506, 510 (Iowa 2001). The revocation decision must be supported by a preponderance of evidence. *See id.* at 511.

On appeal, Hoffman claims "[t]he only violation ever mentioned [during the hearing] is the OWI second offense, which was heavily disputed by [Hoffman]." Although it is true Hoffman's attorney specifically referenced the OWI 2nd offense

during the revocation hearing, the report of probation violation contained multiple violations and her counsel said, "[s]he is stipulating to the violations." When asked by the court whether she desired to stipulate and agree she violated the terms of her probation, Hoffman responded, "I agree that I violated them." Hoffman's stipulation establishes she violated the terms of probation. Even if we disregard the OWI 2nd offense, her probation was properly revoked upon the remaining violations. The court did not err in concluding Hoffman violated the terms of probation, nor did it err or abuse its discretion in revoking the deferred judgment, revoking her probation, and imposing sentence.

**AFFIRMED.**