# IN THE SUPREME COURT OF IOWA

No. 19–1433

Submitted October 14, 2020—Filed November 6, 2020

**STATE OF IOWA,**

Appellee,

vs.

**ASHLEY DAWN THOMPSON,**

Appellant.

Appeal from the Iowa District Court for Poweshiek County, Rose Anne Mefford, District Associate Judge.

Defendant who pled guilty to child endangerment appeals from an order revoking her deferred judgment. **CONVICTION AND REVOCATION ORDER VACATED; CASE REMANDED WITH INSTRUCTIONS.**

Waterman, J., delivered the opinion of the court, in which all justices joined.

Peter Stiefel, Victor, for appellant.

Thomas J. Miller, Attorney General, Thomas J. Ogden, Assistant Attorney General, and Bart Klaver, County Attorney, for appellee.

**WATERMAN, Justice.**

In this appeal, we must decide whether a defendant who pled guilty to child endangerment can appeal an order revoking her deferred judgment. The State contends this direct appeal is barred by the 2019 amendment to Iowa Code section 814.6, requiring "good cause" to appeal when the defendant pled guilty. 2019 Iowa Acts ch. 140, § 28 (codified at Iowa Code § 814.6(*a*)(3) (2020). In *State v. Damme*, we interpreted "good cause" in that statute to mean a "legally sufficient reason." 944 N.W.2d 98, 104 (Iowa 2020). We noted the "legislature amended section 814.6 to curtail frivolous appeals from guilty pleas and thereby enforce their finality." *Id.* at 100. We held that a defendant who is not challenging her guilty plea or conviction has good cause to appeal an alleged sentencing error when the sentence was neither mandatory nor agreed to in the plea bargain. *Id.* at 105. Today, we extend *Damme* to appeals from orders revoking deferred judgments.

The State has conceded that if we reach the merits, the order revoking this defendant's deferred judgment must be reversed because the district court failed to include sufficient factual findings to support revocation. We therefore reverse that order and remand for rehearing on the State's motion to revoke the deferred judgment.

## I. Background Facts and Proceedings.

On May 10, 2017, Douglas Shullaw, a First Resources[1] employee, conducted a court-ordered family safety check at Ashley Thompson's trailer. He saw a bong in plain view and Thompson's four-year-old child on the table holding two large knives. The child's father, Jeremy Bruce,

---

[1]First Resources is a private nonprofit agency that offers a variety of services, including services for families and children. First Resources Corp., https://www.firstresources.us/ (last visited Nov. 6, 2020).

who was prohibited from being there, ran out the back. Officer Joseph McMillen was dispatched to the scene. He entered the trailer with Thompson's consent and was shown the knives and bong.

Officer McMillen stepped outside and called Megan See, a child protection worker with the Department of Human Services, whom he knew was working on a case involving Thompson and Bruce. Officer McMillen expressed his concerns about child safety, and the decision was made to remove the children. As he helped Thompson pack items for the children, he noticed the bathroom strongly smelled of human waste and the only bedding on the two children's beds was a blanket on the four-year-old's bed.

The four-year-old was born with Short Bowel Syndrome and required medication and nutrition through packages of Total Parenteral Nutrition (TPN). Officer McMillen observed multiple TPN packages that were partially full with some contents curdled. This indicated the child was not getting the full feeding of TPN. The child was removed and taken to the University of Iowa Hospitals and Clinics. His TPN port, located in his chest, required surgical removal and relocation due to infection. The child tested positive for marijuana and methamphetamine.

In an interview with See, Bruce admitted that both he and Thompson used methamphetamine in the residence and that the child did not receive his medication or TPN as prescribed. Thompson denied methamphetamine use but admitted that she used marijuana and that she did not give the child his medication as prescribed or his full feedings of TPN. Dr. Resmiye Oral performed an assessment and found that, due to the child's incomplete feedings at home and multiple missed medical appointments, the child was at risk of injury or death due to medical and safety neglect.

The State filed a criminal complaint alleging child endangerment, and shortly thereafter, Thompson was arrested. The court appointed her counsel and issued a no-contact order; Thompson contested this and other no-contact orders throughout the proceedings. The State charged Thompson by trial information with child endangerment causing serious injury, a class "C" felony, in violation of Iowa Code section 726.6(5) (2017). Thompson pled not guilty and was released from custody subject to pretrial supervision.

The court later revoked Thompson's supervised release at the recommendation of the Eighth Judicial District Department of Correctional Services. Thompson entered into a written plea agreement in which she pled guilty to the lesser included offense of child endangerment in violation of Iowa Code section 726.6(7), an aggravated misdemeanor. The agreement stated that the parties jointly recommended a deferred judgment, unsupervised probation not to exceed one year, and a civil penalty assessed by the court. The court released Thompson based on her promise to appear at all further proceedings.

On July 5, 2018, the court accepted Thompson's guilty plea and ordered the judgment deferred and Thompson to pay a civil penalty of $625, court costs of $212, sheriff correctional fees, and court-appointed attorney fees not to exceed $1800, plus attorney expenses, or the amount actually submitted to the State Public Defender's Office, whichever was less. The court found the defendant was reasonably able to pay the attorney fees and was required to pay them in full on or before September 15. The day after the deferred judgment, a statement of costs was filed, stating a balance due of $837. This statement said that attorney fees would be added later. The court set a status hearing in a year to assess the defendant's compliance and required Thompson's personal

appearance "in the event the defendant has not complied with the terms imposed." The court never held this hearing.[2]

On July 8, 2019, a year after the court's acceptance of the guilty plea, the State filed an application to revoke deferred judgment and pronounce sentence. It alleged that the defendant had only paid $200 of the costs and had an outstanding balance of $2167.40. The docket does not indicate that the defendant was mailed a copy. The court ordered a status hearing and stated, "Defendant should be given an opportunity to be heard on any matter relevant to whether the Court should withdraw Defendant from the deferred judgment program, pronounce judgment and impose a sentence authorized by law." It also said that failure to appear could result in withdrawal of the deferred judgment, pronouncement of judgment, and imposition of sentence against defendant in accordance with Iowa Rule of Criminal Procedure 2.23. While the docket does not show the defendant received a copy of the State's application, it does indicate that the defendant was mailed a copy of the order setting the hearing.

The hearing was held, as ordered, on July 18. Thompson did not personally appear at the compliance hearing, but her newly appointed attorney[3] did. The court found that Thompson had violated the terms of her probation and revoked the deferred judgment. It found Thompson guilty of child endangerment in violation of Iowa Code section 726.6(7) and

---

[2]On August 31, the defendant filed a motion to rescind the no-contact order or set aside the parties' plea agreement. The court denied this motion on September 6, and Thompson appealed this decision on October 8. On July 5, 2019, we denied the defendant's application for discretionary review and denied as moot the State's motion to dismiss.

[3]On July 11, two days after the status hearing was set, the court allowed Thompson's attorney to withdraw and appointed a new attorney.

imposed a $625 fine, a suspended sentence of incarceration of two years, and two years of informal probation.

Thompson appealed, and we retained the case.

## II. Standard of Review.

"Questions of statutory interpretation are reviewed for correction of errors at law." *State v. Wilson*, 941 N.W.2d 579, 584 (Iowa 2020). "We will overturn a revocation of probation only if there has been an abuse of discretion." *State v. Covel*, 925 N.W.2d 183, 187 (Iowa 2019). "An abuse of discretion occurs when the court exercises its discretion on grounds or for reasons that are clearly untenable or unreasonable. We may find grounds untenable when based on an erroneous application of the law." *Id.* (citation omitted). "We review restitution orders for correction of errors at law." *State v. Albright*, 925 N.W.2d 144, 158 (Iowa 2019).

## III. Analysis.

We first address whether we have jurisdiction to hear this appeal. The State argues that the 2019 amendment to Iowa Code section 814.6 bars Thompson's appeal. The State concedes that if we are able to reach the merits, we should reverse the revocation order.

**A. Whether Iowa Code Section 814.6 Bars This Appeal.** The 2019 amendment to Iowa Code section 814.6, effective July 1, 2019, limits the right of a defendant to appeal from "[a] conviction where the defendant has pled guilty." 2019 Iowa Acts ch. 140, § 28 (codified at Iowa Code § 814.6(1)(*a*)(3) (2020)). In *Damme*, we noted that "[t]he determinative date" of the statute's applicability is "the date of the judgment of sentence that is appealed." 944 N.W.2d at 103 n.1. Thompson pled guilty in June 2018, but this appeal is from the district court's July 18, 2019 order revoking her deferred judgment, entering a judgment of conviction, and imposing a sentence. The order and sentence under review were entered

after amended section 814.6 became effective July 1, 2019. We conclude that section 814.6 as amended applies to this appeal.

Section 814.6 bars appeals from "[a] conviction where the defendant has pled guilty," with two exceptions: a guilty plea to a class "A" felony or "where the defendant establishes good cause." Iowa Code § 814.6(1)(*a*)(3) (2020). In *Damme*, we determined that "good cause" means a "legally sufficient reason." 944 N.W.2d at 104. "[The defendant] bears the burden of establishing good cause to pursue an appeal of her conviction based on a guilty plea." *Id.* (citing Iowa Code § 814.6(1)(*a*)(3)). "Because what constitutes good cause is context-specific, we must determine when a defendant who pled guilty has a legally sufficient reason to appeal." *Id.*

While we noted in *Damme* that the purpose of the 2019 amendment is to "curtail frivolous appeals" by enforcing the finality of guilty pleas, the defendant in that case appealed sentencing errors without challenging her guilty plea or conviction. *Id.* at 100, 105. Her sentence was neither mandatory nor agreed to in her plea bargain. *Id.* at 105. We stated that "[w]e readily distinguish appeals challenging the guilty plea itself from appeals challenging the sentence imposed after the plea is accepted." *Id.* (footnote omitted). Based on this distinction, we held Damme had good cause to appeal. *Id.* In doing so, we noted, "A sentencing error invariably arises after the court has accepted the guilty plea. This timing provides a legally sufficient reason to appeal notwithstanding the guilty plea." *Id.*

Thompson likewise is not challenging her guilty plea. Rather, Thompson challenges the order revoking her deferred judgment and entering a judgment of conviction and sentence. As in *Damme,* the alleged error arose after the court accepted Thompson's guilty plea. We reach the same conclusion and hold Thompson has good cause to appeal under section 814.6.

**B. The State Concedes Error.** The revocation hearing was unreported. The district court's written revocation order merely stated:

> The Court FINDS by a preponderance of the evidence that the Defendant has violated the terms of his/her probation under the terms of the Deferred Judgment. The Defendant is hereby withdrawn from the Deferred Judgment Program, and the Deferred Judgment granted to the Defendant on August 16, 2018, is hereby **REVOKED.**

In *State v. Lillibridge*, we observed that "revocation involves a serious loss of liberty" and "due process requires written findings by the court showing the factual basis for the revocation." 519 N.W.2d 82, 83 (Iowa 1994) (per curiam). Those findings can be made orally on the record or in the written order. *State v. Kirby*, 622 N.W.2d 506, 509–10 (Iowa 2001) (en banc). Here, the requisite factual findings are missing altogether. The State "concedes that the factual findings were insufficient and the revocation should be reversed."

We accept the State's concession of error and vacate the district court's order finding Thompson violated her probation and revoking her deferred judgment. We do so without reaching Thompson's due process challenges to that order alleging her lack of notice and opportunity to present witnesses. We remand the case for a new hearing on the State's application to revoke Thompson's deferred judgment.

**C. Restitution.** Thompson argues the district court erred in its 2018 deferred judgment by ordering her to pay restitution for court-appointed attorney fees and correctional fees and finding she had the reasonable ability to pay without knowing the amounts. *See Albright*, 925 N.W.2d at 162 ("Once the court has all the items of restitution before it, then and only then shall the court make an assessment as to the offender's reasonable ability to pay."). The State responds by arguing she waived any challenge by failing to seek discretionary review of that order within thirty

days. Thompson replies by arguing that the order revoking her deferred judgment and imposing a judgment of conviction gave her a fresh opportunity to challenge the restitution order subsumed in the new judgment. We have now reversed that order, and it remains to be seen whether the district court will again revoke her deferred judgment. Restitution challenges should be directed to the district court on remand.

**IV. Disposition.**

For those reasons, we vacate Thompson's conviction and the district court's order finding Thompson violated her probation and remand the case to the district court for a new hearing on the State's application to revoke Thompson's deferred judgment.

**CONVICTION AND REVOCATION ORDER VACATED; CASE REMANDED WITH INSTRUCTIONS.**