# IN THE COURT OF APPEALS OF IOWA

No. 22-1035
Filed August 30, 2023


**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**TIMOTHY ALLEN FLESHNER,**
      Defendant-Appellant.
_____


Appeal from the Iowa District Court for Black Hawk County, Linda M. Fangman, Judge.


A defendant appeals the revocation of his deferred judgment and imposition of a prison term. **AFFIRMED.**


Heidi Miller of Gribble, Boles, Stewart & Witosky Law, Des Moines, for appellant.

Brenna Bird, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.


Considered by Bower, C.J., and Tabor and Greer, JJ.

**TABOR, Judge.**

A deferred judgment is "basically a second chance." That's what the district court told Timothy Fleshner at his probation revocation hearing. Fleshner conceded committing new crimes while on probation. But he asked for "another chance" to avoid a burglary conviction. The court denied Fleshner that third chance. Instead, it imposed judgment and sentenced him to an indeterminate five-year prison term. Fleshner now contests judgment and sentence. Because the district court acted within its discretion, we affirm.

In November 2017, then-eighteen-year-old Fleshner broke into a convenience store to steal liquor and tobacco. The State charged him with burglary in the third degree, a class "D" felony, under Iowa Code sections 713.1 and 713.6A(1) (2017). In August 2018, he pleaded guilty and received a deferred judgment with two to five years of probation supervised by the department of correctional services (DCS). Three years later, DCS filed a probation violation report alleging Fleshner was selling marijuana and had access to a handgun. He pleaded guilty to possession of a controlled substance with intent to deliver and possession of a firearm as a felon. The court held a joint hearing on the probation violation and sentencing for the new offenses.

Following the State's recommendation, the court revoked Fleshner's deferred judgment and sentenced him to an indeterminate five-year prison term for the burglary conviction. The court ran that sentence concurrent to the

indeterminate ten-year term (two consecutive five-year terms) for his new offenses.[1] Fleshner appeals the order revoking his deferred judgment.[2]

We review his challenge for an abuse of discretion. *State v. Covel*, 925 N.W.2d 183, 187 (Iowa 2019). We will overturn the revocation order only if the district court exercised its discretion on grounds or for reasons that are clearly untenable or unreasonable. *Id.*

This record reveals no abuse of discretion. Because Fleshner acknowledged committing new crimes—violating the terms of his probation—the court had authority to revoke the deferred judgment and impose any sentence authorized by law. *See* Iowa Code § 907.3(2)(b); *State v. Kirby*, 622 N.W.2d 506, 511 (Iowa 2001). Fleshner contends that continuing probation would have provided him with the "maximum opportunity for rehabilitation" while ensuring community safety. But the district court saw the case differently. It noted the threat posed by Fleshner's new crimes: "[d]ealing drugs is dangerous and having a gun is dangerous." The court's view was reasonable based on the facts before it. Giving deference to that view, we affirm the order revoking Fleshner's deferred judgment and imposing a prison term.

**AFFIRMED.**

---

[1] This appeal does not encompass those new offenses. At the sentencing hearing, Flesher's counsel joined in the State's recommendation for the combination of consecutive and concurrent sentences.

[2] Fleshner has good cause under Iowa Code section 814.6(1)(a)(3) to appeal the order revoking his deferred judgment and entering a judgment of conviction and sentence. *See State v. Thompson*, 951 N.W.2d 1, 5 (Iowa 2020)